UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORETTA LOIS BICKERSTAFF APPEARING HEREIN THROUGH HER LEGALLY APPOINTED AGENT IN FACT AND MANDATARY, GERALD GREGORY BICKERSTAFF | CIVIL ACTION |
| VERSUS | NO. 15-3639 |
| CAROLYN KRIDER BICKERSTAFF, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff Loretta Lois Bickerstaff filed this state-law property dispute against her sister-in-law Carolyn Krider Bickerstaff and Carolyn's attorney, Jule R. Herbert and Jule R. Herbert, Jr., P.C., on December 1, 2015.[1] Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that she is a citizen of Texas, that Carolyn Bickerstaff is a citizen of Louisiana, and that Jule Herbert and Jule R. Herbert, Jr., P.C. are citizens of Alabama.[2]

Carolyn Bickerstaff now moves to dismiss plaintiff's suit for lack of subject matter jurisdiction.[3] According to Carolyn Bickerstaff, plaintiff is

---

[1] *See generally* R. Doc. 1.

[2] *Id.* at 1-2 ¶¶ 1-2.

[3] R. Doc. 9.

also a litigant in Louisiana state court action, and plaintiff alleged in that lawsuit that she was citizen of Louisiana.[4] As a result, plaintiff argues, the rebuttable presumption of "continuing domicile" applies here. *See generally Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 801 (5th Cir. 2007). To rebut the presumption of continuing domicile and establish a new domicile, plaintiff must now demonstrate her (1) residence in a new state and (2) intention to remain in that state indefinitely. *See id.*

In opposition to Carolyn Bickerstaff's motion to dismiss, plaintiff explains that she moved from Louisiana to Texas in September 2014.[5] Plaintiff submits the following documents to demonstrate that she has relocated to Texas and intends to remain there permanently:

- General Warranty Deed for a home located in San Antonio, Texas, dated August 2014;[6]
- Texas identification card, issued in October 2014;[7]
- Texas voter registration card, issued in November 2014;[8] and

---

[4] *See* R. Doc. 7-1.

[5] R. Doc. 9 at 2.

[6] R. Doc. 9-3.

[7] R. Doc. 9-4.

[8] R. Doc. 9-2.

- 2014 federal income tax return documents, which lists San Antonio, Texas and plaintiff's home address.[9]

After reviewing these documents, the Court is satisfied that plaintiff is a citizen of the state of Texas. Plaintiff has sufficiently demonstrated her residence in Texas, as well as her intention to remain there indefinitely. *See id.* Because plaintiff's state of citizenship is different from the defendants' states of citizenship, the Court has subject matter jurisdiction over this action under 28 U.S.C. §1332. Accordingly, DENIES Carolyn Bickerstaff's motion to dismiss.

New Orleans, Louisiana, this 22nd day of February, 2016.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 9-5.