UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORETTA LOIS BICKERSTAFF                    CIVIL ACTION
APPEARING HEREIN THROUGH HER
LEGALLY APPOINTED AGENT IN FACT
AND MANDATARY, GERALD GREGORY
BICKERSTAFF

VERSUS                                      NO. 15-3639

CAROLYN KRIDER BICKERSTAFF, ET AL.          SECTION "R" (3)

## <u>ORDER AND REASONS</u>

Defendants Charles "Benny" Hausknecht, Jr. and Pailet, Meunier and LeBlanc, L.L.P. move to dismiss plaintiff Loretta Bickerstaff's claims against them.[1]  Because plaintiff cannot proceed with her claims against defendants until she complies with the Louisiana Accountancy Act, the Court GRANTS defendants' motion.

## I.    BACKGROUND

This diversity action arises out of a property ownership dispute. Plaintiff Loretta Bickerstaff alleges that she is the valid legal owner of a beach house in Gulf Shores, Alabama.  According to plaintiff's complaint, Loretta

---

[1]     R. Doc. 41.

Bickerstaff purchased the Alabama beach house in July 1993.[2]  In February 2010, plaintiff granted her brother, Richard Bickerstaff, power of attorney, giving him management and control of her affairs.[3]  Plaintiff alleges that Richard Bickerstaff then concocted a scheme to take ownership of the house himself.[4]  She also alleges that defendants Charles "Benny" Hausknecht, Jr., a certified public accountant, and Hausknecht's accounting firm, Pailet, Meunier, and LeBlanc, L.L.P. participated in the scheme.[5]  This participation occurred despite the Pailet defendants' representation of plaintiff in tax matters and the "various fiduciary, legal, and ethical duties" that they allegedly owed to plaintiff.[6]

Plaintiff also alleges that Richard Bickerstaff[7] and the Pailet defendants filed unauthorized claims on plaintiff's behalf against British Petroleum after the 2010 Deepwater Horizon rig explosion, in an attempt to collect settlement proceeds for the loss of rental revenue and diminished value of the beach house.[8]  Further, plaintiff contends that the Pailet defendants were involved in confecting a second mortgage on the beach house to secure a

---

[2]   R. Doc. 1 at 3 ¶ 13.

[3]   *Id.* ¶ 14.

[4]   *Id.* at 3 ¶¶ 30-31.

[5]   R. Doc. 21 at 4 ¶ 53.

[6]   *Id.* at 3 ¶¶ 50-51.

[7]   R. Doc. 1 at 7-8 ¶¶ 33-34.

[8]   R. Doc. 21 at 3 ¶ 52.

sham loan to her brother, Richard, from his wife, defendant Carolyn Bickerstaff.[9]   Additionally, plaintiff alleges that the Pailet defendants prepared and filed unauthorized federal and state tax returns on her behalf relating to the transfer of the beach house.[10]

On August 19, 2015, plaintiff, through her current legally appointed agent-in-fact and mandatary Gerald Gregory Bickerstaff, filed this lawsuit against Carolyn Bickerstaff and her attorneys.[11] The Court dismissed plaintiff's claims against the attorneys for lack of personal jurisdiction on April 7, 2016.[12]  On April 29, 2016, plaintiff filed her First Supplemental and Amending Complaint, which added the Pailet defendants as parties.[13] Plaintiff asks the Court to rescind the Second Mortgage and award plaintiff damages, including pain and suffering.[14]

At the same time as plaintiff filed her amended complaint, plaintiff moved the Court to stay the case pending the resolution of a review of plaintiff's complaints against Hausknecht by the State Board of Certified Public Accountants of Louisiana in accordance with Louisiana Revised

---

[9]    *Id.* at 9-10 ¶¶ 84-89.
[10]   *Id.* at 4-6 ¶¶54-63.
[11]   R. Doc. 1 at 3 ¶ 7.
[12]   R. Doc. 16.
[13]   R. Doc. 21.
[14]   *Id.* at 10-11.

Statutes §§ 37:101-124.[15] As summarized by plaintiff, Section 37:105 sets forth that "any action against a certified public accountant, the firm, or the insurer, may not be filed in any court prior to presenting the claims to an accountant review panel."[16] The Court stayed the case,[17] reopening it after the State Board concluded its proceedings.[18]

The Pailet defendants now move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's claims against them because the claims are premature.[19] Defendants argue that Section 37:105 requires claims against accountants be reviewed by the Society of Louisiana Certified Public Accountants, not the State Board of Certified Public Accountants of Louisiana, before a plaintiff may proceed in court. The Pailet defendants further argue that because plaintiff has not obtained a review of her claims against them from the proper entity, Section 37:105 bars plaintiff's suit.[20] Plaintiff argues that Section 37:105 does not apply because she was not a client of Hausknecht or his firm at the time of the actions complained of, and

---

[15]     R. Doc. 19.
[16]     R. Doc. 19-2 at 2.
[17]     R. Doc. 22.
[18]     R. Doc. 25-3; R. Doc. 26.
[19]     R. Doc. 41.
[20]     R. Doc. 41-4 at 4-5.

4

because she asserts claims of fraud, negligence, and breach of fiduciary duty, not accountant malpractice.[21]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each

---

[21]    R. Doc. 45 at 2.

element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Nevertheless, uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Court may also consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.  DISCUSSION

Louisiana law requires a public accountant review panel to review all claims against certified public accountants or accounting firms. La. Stat. Ann. § 37:102(A) (2016). In order to initiate the review, a claimant must submit a request to the Society of Louisiana Certified Public Accountants. *See* La. Stat. Ann. §§ 37:101, 37:102(B). A claimant may not bring an action in court against an accountant or accounting firm before a panel has either issued an opinion or, a claimant's request for review has existed for more than twelve months without a panel opinion. La. Stat. Ann. § 37:105-106. The proper response to such a premature suit is dismissal without prejudice for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Barrack Children's Irrevocable Trust v. Pailet*, No. 12-00784, 2012 WL 2513682, at *1-2 (E.D. La. June 27, 2012) (holding that dismissal under Rule 12(b)(6) is proper when plaintiff files premature claims against accountant without submitting claims to review panel before filing suit).

Plaintiff has not received an opinion from a properly constituted review panel of the Society of Louisiana Certified Public Accountants. Although plaintiff did obtain a review of her claims from the State Board of

7

Certified Public Accountants of Louisiana,[22] Section 105 of the Louisiana Accountancy Act requires review by the Society of Louisiana Certified Public Accountants, a separate entity. *See* La. Stat. Ann. §§ 37:101, 37:102(B). Thus, to the extent that plaintiff's claims against the accountant defendants are covered by the statute, they are premature and must be dismissed.

Plaintiff does not dispute that La. Stat. Ann. § 37:105 requires that claims against accountants arising from the engagement of the accountants proceed before the specified review panel before those claims can be litigated in any other court.  At issue here is whether plaintiff's claims arise from the engagement of the Pailet defendants and are therefore covered by the statute. Because the Court finds that plaintiff's claims are covered by the statute, the Court dismisses plaintiff's claims against the Pailet defendants as premature.

Ignoring the plain text of the statute, plaintiff argues that the Louisiana Accountancy Act covers only claims for accountant malpractice, and only those that arise specifically from an ongoing accountant-client relationship. Because her claims are for fraud, negligence, and breach of fiduciary duties, plaintiff argues they are not claims for accountant malpractice.  Further, despite the plain allegations of her complaint, plaintiff asserts in her brief

---

[22] R. Doc. 23 at 1.

that she was not a client of the Pailet defendants when the complained of actions occurred.

The clear text of the statute is at odds with plaintiff's arguments.  In Louisiana, "[l]egislation is a solemn expression of legislative will," La. C.C. art. 2, and thus is "superior to any other source of law."  La. C.C. art. 1. cmt. (c).  Therefore, "the starting place in interpreting any statute is the language of the statute itself."  *Moss v. State*, 925 So. 2d 1185, 1197 (La. 2006).  The Louisiana Accountancy Act provides that "*[a]ll claims* against certified public accountants or firms, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a public accountant review panel established pursuant to R.S. 37:109."  La. Stat. Ann. § 37:102 (emphasis added).  "Claim" is defined as

> any cause of action against a certified public accountant or firm, regardless of the legal basis of the claim, including but not limited to tort, fraud, breach of contract, or any other legal basis, *arising out of any engagement to provide professional services*, including but not limited to the following:
> (a) The providing of attest services as defined in R.S. 37:73(1)(a).
> (b) The providing of business or financial advice.
> (c) Advice relative to plans or actions to qualify for tax benefits or otherwise reduce the amounts of tax owed.
> (d) Advice relative to the structuring of pension or retirement or insurance plans or other employee benefits.
> (e) The provision, including design, of computer software for accounting or bookkeeping functions.
> (f) Any other advice relative to the conduct of any business whether conducted for profit or not.

9

*Id.* § 37:101 (emphasis added).  Therefore, the plain language of the statute would appear to cover any and all claims by plaintiff against the Pailet defendants as long as they arise out of "any engagement to provide professional services."  *Id.*

In arguing that the statute is implicitly limited to malpractice actions related to an ongoing-client relationship, plaintiff analogizes to claims for legal and medical malpractice.[23]  Her reliance is misplaced.  Although courts have limited legal and medical malpractice actions arising under Louisiana law to those stemming from a client relationship, thus far no courts have similarly limited the scope of the Louisiana Accountancy Act.  In fact, case law supports finding the scope as broad as the text implies, without limitations as to malpractice or accountant-client relationship.  *See Adams v. Kern*, 987 So. 2d 879, 880-81 (La. App. 5 Cir. 2008) (noting that a review panel heard claims by former member of LLC against LLC's accountant even though plaintiff was not client of accountant); *Ortego v. Hickerson*, 989 So. 2d 777, 780-81 (La. App. 3 Cir. 2008) (noting that lower court had found defamation suit against accounting firm by non-client plaintiff to be premature because there had been no review as required by the Louisiana Accountancy Act); *Sigma Delta, LLC v. George*, No. 07-5427, 2008 WL

---

[23]     R. Doc. 45 at 4, 11-14.

1744801, at *1 (E.D. La. Apr. 11, 2008) (rejecting argument that accountant-client relationship is necessary under Louisiana Accountancy Act and finding that "[t]he term 'any engagement' supports [defendant]'s position that the review panel requirement applies even when the engagement was not with the party who eventually files suit."); *Barrack Children's*, 2012 WL 2513682, at *1-2 (dismissing breach of contract and negligence claims against accountants as premature because plaintiffs did not first proceed before the review panel pursuant to the Louisiana Accountancy Act).

Plaintiff correctly notes that the Louisiana Accountancy Act is a statute in derogation of the rights of tort victims, and therefore "'the coverage of the act should be strictly construed.'" *Taylor v. Ochsner Clinic Found.*, No. 11-1926, 11-2221, 2011 WL 6140885, at *4 (E.D. La. Dec. 9, 2011) (quoting *Williamson v. Hosp. Serv. Dist. No. 1*, 888 So. 2d 782, 786 (La. 2004). However, this canon of construction does not override the plain, unambiguous text of the statute, and this Court will not read an implied limitation into an unambiguous Louisiana state law without any instruction from the Louisiana courts or legislature. Because the plain text of the Louisiana Accountancy Act covers any claims arising from any engagement to provide accounting services, plaintiff's claims will be dismissed if they arise from the engagement of the Pailet defendants.

From a review of the factual allegations in plaintiff's complaint (which must be accepted as true if well-pleaded), it is clear that her claims against the Pailet defendants arise from their engagement.  Plaintiff alleges that the Pailet defendants are liable for fraud, negligence, and breach of fiduciary duties.[24]  Specifically, plaintiff alleges that, given her status "as a client, the Pailet [d]efendants owed the [plaintiff] various fiduciary, legal, and ethical duties, which duties included refraining from any self-dealing or activity that was contrary to the [plaintiff]'s best interests.  The acts of the Pailet [d]efendants as described herein violated the fiduciary, legal, and ethical duties owed to [plaintiff] . . . causing the [plaintiff] great harm and damages."[25]  Plaintiff plainly alleges that defendants "fiduciary, legal, and ethical" duties to her arose from their representation of her as accountants and the conduct complained of violated those duties.[26]  Plaintiff cannot impeach the allegations of her own complaint, which must be accepted as true, by attaching an affidavit to her response in opposition to this motion

---

[24]    R. Doc. 21 at 3 ¶ 48.

[25]    *Id.* ¶¶ 50-51.

[26]    To the extent that any of plaintiff's claims arise out of the second mortgage on the property at issue, these claims arise out of the engagement of the Pailet defendants by defendant Carolyn Bickerstaff.  *See id.* at 9 ¶¶ 87, 88.  Thus, the Pailet defendants' role as accountants would be a component of the alleged wrongdoing and the claim would also require review by the Society before it could be filed in any court.  *See In re Easterly Const. Co., Inc.*, 408 B.R. 627, 631 (Bankr. M.D. La. 2009).

attesting that she was not a client of the Pailet defendants because the Court's review is limited at this stage to the content of the pleadings. *See Collins*, 224 F.3d at 498.

Because plaintiff brings claims against a certified public accountant and his firm that arise out of an engagement to provide professional services, by law her claims must be brought before the Society of Louisiana Certified Public Accountants before they can be filed in any court. Because plaintiff failed to do, her claims against the Pailet defendants must be dismissed.


## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and dismisses plaintiff's claims against the Pailet defendants WITHOUT PREJUDICE.


New Orleans, Louisiana, this _28th_ day of December, 2016.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

13