UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORETTA LOIS BICKERSTAFF APPEARING HEREIN THROUGH HER LEGALLY APPOINTED AGENT IN FACT AND MANDATARY, GERALD GREGORY BICKERSTAFF | CIVIL ACTION |
| VERSUS | NO. 15-3639 |
| CAROLYN KRIDER BICKERSTAFF, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is Defendant Carolyn Bickerstaff's motion to dismiss plaintiff's complaint. Because Plaintiff Loretta Bickerstaff lacks standing, the Court grants the motion.

## I. BACKGROUND

This diversity action arises out of a dispute over the ownership of a beach house in Gulf Shores, Alabama.[1] Plaintiff Loretta Bickerstaff purchased the Alabama beach house in July 1993.[2] In February 2010, plaintiff granted her brother, Richard Bickerstaff, power of attorney, giving

---

1  R. Doc. 1 at 3-5.
2  *Id.* at 3.

him management and control of her affairs.[3] In November 2010, an Assumption Warranty Deed was executed in Louisiana.[4] This deed appears to transfer ownership of the beach house from plaintiff to Richard Bickerstaff.[5] On May 16, 2014, plaintiff filed suit against Richard Bickerstaff in Louisiana state court challenging the validity of the transfer of ownership and requesting rescission of the Assumption Warranty Deed.[6] In July 2014, plaintiff filed a notice of *lis pendens* in Alabama probate court stating that she was contesting ownership of the beach house in Louisiana state court.[7] This litigation remains pending in Louisiana state court, and plaintiff has not yet secured judicial recognition of her ownership of the property.[8]

The events that gave rise to this federal action occurred after plaintiff filed suit in state court. On May 23, 2014, Richard Bickerstaff executed a Second Mortgage on the Alabama beach house and named his wife, Defendant Carolyn Bickerstaff, as the mortgagee.[9] The Second Mortgage purportedly secured a debt of $241,534 owed by Richard Bickerstaff to

---

[3] *Id.* at 3.
[4] *Id.* at 4; R. Doc. 67-2 at 7-8.
[5] *Id.*
[6] R. Doc. 1 at 5; R. Doc. 67-2 at 10.
[7] R. Doc. 72-2 at 1-2.
[8] R. Doc. 67 at 4; R. Doc. 72 at 5.
[9] R. Doc. 1 at 4; R. Doc. 67-2 at 3-6.

defendant.[10] Plaintiff alleges that the Second Mortgage is a sham and is part of a scheme by defendant to deprive plaintiff of her beach house.[11]

On August 19, 2015, plaintiff, acting through her legally appointed agent in fact and mandatary Gerald Gregory Bickerstaff, brought suit in this Court alleging that defendant engaged in fraud and negligence in relation to the Second Mortgage.[12] Richard Bickerstaff is not a party to this federal litigation.[13] Plaintiff asks the Court to find the Second Mortgage legally invalid and order rescission of the transaction and cancellation of the mortgage from the public records.[14] Plaintiff also seeks damages and costs.[15]

Defendant now moves to dismiss plaintiff's complaint, arguing that plaintiff lacks standing to seek rescission of the mortgage because she does not own the property.[16] Plaintiff opposes this motion.[17]

---

[10] R. Doc. 67-2 at 3.
[11] R. Doc. 1 at 4.
[12] *Id.* at 3-5. Plaintiff also brought claims against several other defendants, who have since been dismissed from this action. *See* R. Doc. 16; R. Doc. 52. In addition to fraud and negligence, plaintiff's complaint alleges collusion, breach of fiduciary duties, and breach of contract. These claims, however, appear directed at the now-dismissed Herbert defendants. In her opposition to the motion to dismiss, plaintiff asserts that she is bringing fraud and negligence claims against defendant. *See* R. Doc. 72 at 1.
[13] R. Doc. 1.
[14] *Id.* at 4.
[15] *Id.* at 10.
[16] R. Doc. 67.
[17] R. Doc. 72.

## II. LEGAL STANDARD

A plaintiff must satisfy the standing requirements of Article III of the Constitution in order to establish the existence of an "actual case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974). A motion to dismiss for lack of standing therefore challenges the court's subject matter jurisdiction, and is governed by Federal Rule of Civil Procedure 12(b)(1).[18] As the party invoking federal jurisdiction, plaintiff bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

When its subject matter jurisdiction is challenged, the Court first considers whether the defendant has made a "facial" or a "factual" attack upon the complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In the case of a facial attack, the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* When a defendant makes a factual attack on the complaint, however, the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence

---

[18] Defendant presents her motion as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because defendant argues that plaintiff lacks standing, the Court construes this as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The Court denied defendant's earlier motion to dismiss for lack of subject matter jurisdiction, but that motion related to the separate issue of diversity jurisdiction. *See* R. Doc. 14.

that the trial court does have subject matter jurisdiction." *Id.*; *see also Superior MRI Servs, Inc. v. Alliance Healthcare Servs, Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## III. DISCUSSION

Defendant's motion is a factual attack on plaintiff's complaint. A motion to dismiss for lack of standing is "'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Superior MRI Servs*, 778 F.3d at 504 (quoting *Paterson*, 644 F.2d at 523). Here, defendant submits property records in support of her contention that plaintiff does not own the beach house and lacks standing to seek rescission of the Second Mortgage.[19] *See id.* (finding a factual attack on standing where defendant submitted official records). Moreover, plaintiff appears to treat

---

[19] R. Doc. 67-1; R. Doc. 67-2. Although the property records submitted by defendant were referenced in plaintiff's complaint, they were not attached to the complaint. Defendant relies on the content of the documents to challenge the factual assertion that plaintiff owns the property. For instance, defendant refers to the Assumption Warranty Deed to argue that plaintiff personally signed the deed and that the transfer was supported by adequate consideration. *See* R. Doc. 67-1 at 10-11.

the motion as a factual attack. Plaintiff's memorandum in opposition cites to affidavit and deposition testimony and attaches the notice of *lis pendens* as evidence of plaintiff's claim to the property.[20]

Plaintiff bears the burden of showing by a preponderance of the evidence that she has standing in this matter. To establish standing, plaintiff must demonstrate that she (i) suffered an "injury in fact" that is (ii) "fairly traceable to the challenged conduct of the defendant" and (iii) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Plaintiff asserts that she was injured by the defendant because the Second Mortgage on the beach house burdened her property with debt.[21] Defendant argues that plaintiff cannot establish injury from a loss of equity in property that she does not own and did not own when the mortgage was filed.[22] To satisfy standing requirements, plaintiff's injury must be "actual or imminent, not conjectural or hypothetical." *Defs. of Wildlife*, 504 U.S. at 560. The "examination of whether a plaintiff has suffered a concrete injury" overlaps with the constitutional requirement that a case be sufficiently ripe

---

[20] R. Doc. 72 at 7-8, 10-11; R. Doc. 72-2.
[21] R. Doc. 1 at 5; R. Doc. 72 at 7.
[22] R. Doc. 78 at 4-5.

for judicial consideration. *See Texas v. United States,* 497 F.3d 491, 496 (5th Cir. 2007). If a "purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Zepeda v. Boerne Indep. Sch. Dist.*, 294 F. App'x 834 (5th Cir. 2008) (quoting *Thomas v. Union Carbide Agr. Products*, 473 U.S. 568, 581 (1985)).

Plaintiff's theory of injury in this case is too contingent to confer standing. The primary injury plaintiff complains of is the deprivation of her beach house because of the actions of her brother, Richard Bickerstaff.[23] It is undisputed that the 2010 Assumption Warranty Deed purports to transfer ownership of the beach house from plaintiff to Richard Bickerstaff, who is shown to be the owner on the public record.[24] Plaintiff has not shown that she is currently the legal owner of the property, and the issue of ownership of the property is not before the Court to decide. Both parties agree that plaintiff's challenge to the validity of the transfer of ownership must be resolved by the state court.[25] The injury plaintiff alleges in this litigation—increased debt on the beach house because of the Second Mortgage—will harm plaintiff only in the event that she is adjudicated to be the legal owner

---

[23]  *See generally* R. Doc. 1.
[24]  R. Doc. 67-2 at 7-9; R. Doc.
[25]  R. Doc. 67-1 at 4; R. Doc. 72 at 5.

of the property in state court. If plaintiff does not prevail in state court, her legal rights will be unaffected by the existence of a Second Mortgage between Richard Bickerstaff and defendant.

For similar reasons, plaintiff has not shown that a favorable decision by this Court is likely to redress her alleged injury. Richard Bickerstaff is not a defendant in this litigation, and both parties agree that ownership of the property is not at issue in this case.[26] The relief requested by plaintiff is the rescission and cancellation of the Second Mortgage.[27] But plaintiff is not a party to the Second Mortgage, and she has cited no authority under Louisiana law to indicate that the Court can order rescission of a mortgage at the request of a non-owner of the property. *See Aberta, Inc. v. Atkins*, 89 So. 3d 1161, 1163 (La. 2012) (explaining that the recorder of mortgages must determine the legal owner of the property at issue before cancelling a mortgage).

Even if the Court could rescind the mortgage, despite the plaintiff's unadjudicated claim of ownership and the absence of the mortgagor from the proceedings, the rescission of the mortgage would not remedy any harm to the plaintiff unless she secures legal ownership of the property. The Court

---

[26] *See* R. Doc. 67 at 4; R. Doc. 72 at 5.
[27] R. Doc. 1 at 4; R. Doc. 72 at 3, 5.

will not speculate as to the outcome of the state court proceedings. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973) (explaining that the redressability of harm cannot be speculative). To the extent that plaintiff is also seeking damages from the defendant, she cannot establish an entitlement to damages without a showing of concrete injury.

Because plaintiff has not established that she has Article III standing in this matter, the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. The Court DISMISSES WITHOUT PREJUDICE plaintiff's claims for lack of subject matter jurisdiction.

New Orleans, Louisiana, this __25th__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE